UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travis Chelberg,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>FBOP Director,<br><br>　　　　　　　Respondents. | Case No.: 19-cv-748-BTM-RBB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 4]** |

On April 22, 2019, Mr. Travis Chelberg filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) On May 7, 2019, Mr. Chelberg moved for appointment of counsel. (ECF No. 4.) For the reasons discussed below, the Court denies the motion without prejudice.

As a general matter, "[d]istrict [c]ourts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442

1

(2004) (quoting 28 U.S.C. § 2241(a)).  For core habeas petitions challenging present physical confinement, jurisdiction lies in the district of confinement.  *Id.* at 443.

A federal court issuing a writ of habeas corpus must have personal jurisdiction over the custodian, *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973), which is often referred to as the "local custodian rule." Without such jurisdiction, the court has no authority to direct the actions of the restraining authority.  *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (holding that a California district court did not have jurisdiction over a habeas action related to a prisoner confined in Missouri).  The court has personal jurisdiction over the custodian if the court can reach the custodian by service of process.  *Braden*, 410 U.S. at 495.  Thus, where a petitioner names a respondent who is outside the district court's territorial limits, the court lacks personal jurisdiction to consider the petition. *See Malone*, 165 F. 3d at 1237.

Even when there is personal jurisdiction, however, the preferable forum for a § 2241 habeas petition is the district of confinement.  *See McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976); *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where the district court has personal jurisdiction over the custodian, the preferred forum for a § 2241 petition is the district where the petitioner is confined).

Here, Mr. Chelberg's motion for appointment of counsel does not request counsel on the basis of a challenge to the underlying conviction.  Rather, Petitioner requests counsel based on complaints over the conditions of his present physical confinement.  Specifically, Mr. Chelberg's petition for habeas corpus filed under 28 U.S.C. § 2241 seeks to challenge his classification as a violent offender by the Federal Bureau of Prisons.  Consequently, it is questionable whether this Court, as the court of conviction, has jurisdiction to appoint counsel to represent Mr. Chelberg in his habeas petition challenging the

2

conditions of his confinement. Because this case may not be properly in this district, consideration of appointment of counsel is premature.

Thus, the Court **denies without prejudice** Mr. Chelberg's motion for appointment of counsel, (ECF No. 4.)

IT IS SO ORDERED.

Dated: June 3, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge