UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS CHELBERG,<br>　　　　　Petitioner,<br>v.<br>FBOP DIRECTOR,<br>　　　　　Respondent. | Civ. Case No. 3:19-cv-0748-BTM<br>Crim. Case No. 3:09-cr-0365-BTM<br><br>**ORDER DISMISSING HABEAS PETITION AS AMENDED BY SUBSEQUENT FILINGS, GRANTING MOTION TO DISMISS, DENYING REQUEST FOR APPOINTMENT OF COUNSEL, AND DENYING AS MOOT REQUEST FOR EXTENSION**<br><br>**[Civ. Case, ECF Nos. 1, 15, 20, 22, 24, 26; Crim. Case, ECF Nos. 248, 255]** |

Before the Court is Petitioner Travis Chelberg's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Civ. Case, ECF No. 1.) Petitioner is currently incarcerated at Coleman Federal Correction Complex in Sumterville, Florida. On December 3, 2010, Petitioner pled guilty to one count of assault with the intent to commit a felony (witness tampering) in violation of 18 U.S.C. § 113(a)(2) and 7 and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) pursuant to a written plea agreement. (Crim.

Case, ECF Nos. 127, 129, 130.) The plea agreement stated that Petitioner qualified for a career offender enhancement under U.S.S.G. § 4B1.1. (Crim Case, ECF No. 129, at 8.) Further, as part of the plea agreement, Petitioner waived any right to appeal or to collaterally attack his conviction or sentence. (*Id.*) On February 24, 2012, the Court sentenced Petitioner to a term of 168 months in accordance with the joint recommendation of the parties after classifying Petitioner as a career offender. (Crim. Case, ECF Nos. 169, 173.) Petitioner did not directly appeal the conviction or sentence.

On February 25, 2013, Petitioner filed a motion for post-conviction relief under 28 U.S.C. § 2255. (Crim. Case, ECF No. 181.) In his § 2255 motion, Petitioner argued that one of his predicate prior felony convictions could not properly be counted when applying the career offender sentencing enhancement and therefore argued that the attorney who negotiated the plea agreement and represented him at the sentencing hearing provided ineffective assistance of counsel by advising Petitioner to admit career offender status. This Court denied the § 2255 motion and granted a certificate of appealability as to that issue. (Crim. Case, ECF No. 197.) On appeal, the Ninth Circuit affirmed the denial of Petitioner's § 2255 motion. (Crim. Case, ECF No. 230.)

On April 22, 2019, Petitioner filed his instant petition for post-conviction relief under 28 U.S.C. § 2241 in this Court. (Civ. Case, ECF No. 1.) In his petition, Petitioner again argues that the career offender enhancement was improperly applied at sentencing, but now argues that his instant offense of conviction under 18 U.S.C. § 113(a)(2) does not qualify as a "crime of violence" for purposes of U.S.S.G. § 4B1.1 in light of the Ninth Circuit's decision in *United States v. Dominguez-Maroyoqui*, 748 F.3d 918 (9th Cir. 2014). (*Id.* at 4-5.) The Government filed a motion to dismiss the petition for lack of jurisdiction. (Civ. Case, ECF No. 15.) Petitioner subsequently filed numerous requests to amend his petition, supplemental briefing in support of his petition, and responses in

2

3:19-cv-0748-BTM
3:09-cr-0365-BTM

opposition to the Government's motion to dismiss. (Civ. Case, ECF No. 18, 20, 22, 24, 26; Crim. Case, ECF No. 248.) In such filings, Petitioner raises additional challenges to the validity of his detention, including that the Court improperly concluded that Petitioner had at least two predicate prior felony convictions of either a crime of violence or a controlled substance offense for the purposes of U.S.S.G. § 4B1.1 because: (i) one such conviction was insufficiently serious and/or too old to be considered; and (ii) the Court improperly relied upon either insufficient or altered documents in determining that Petitioner had in fact been convicted of such prior felonies. (Civ. Case, ECF No. 22, at 3; Crim. Case, ECF No. 248, at 2.) Petitioner has also requested that counsel be appointed to represent his interests in this proceeding. (Crim. Case, ECF No. 248; *see also* Civ. Case, ECF Nos. 4 (Petitioner's initial request for appointment of counsel); 6 (Order denying Petitioner's initial request).) Additionally, Petitioner filed a motion ostensibly requesting relief under Federal Rule of Criminal Procedure 36, but which is more properly considered as an amendment or supplemental briefing to his instant habeas petition because it seeks to attack the validity of the Court's determination that he qualified as a career offender under U.S.S.G § 4B1.1 based upon purported alterations or other infirmities in the records relied upon by the Court at sentencing.[1] (Crim Case, ECF No. 255.)

---

[1] Regardless of the label used by a habeas petitioner, a filing that "seeks to present newly discovered evidence, seeks to add a new ground for relief, attacks the resolution of a claim on the merits, or seeks to vacate the judgment because of a subsequent change in substantive law" should be considered and subjected to the same standards as his habeas petition. *See Rishor v. Ferguson*, 822 F.3d 482, 491 (9th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005)); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the [Antiterrorism and Effective Death Penalty Act of 1996's] rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover."); *see also* 28 U.S.C. § 2255(a) ("A

3

3:19-cv-0748-BTM
3:09-cr-0365-BTM

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). Federal prisoners may not file a second or successive § 2255 motion until: (1) the prisoner moves in the appropriate court of appeals for an order authorizing the sentencing court to consider the second or successive motion; and (2) the appropriate court of appeals grants such application. *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (citing 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h)); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 9; 9th Cir. R. 22-3(a). Nevertheless, a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e); *Alaimalo v. United States*, 645 F.3d 1042, 1046-47 (9th Cir. 2011). "This is called the 'savings clause' or

---

prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."). "In contrast, a . . . motion that attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, should not be construed as a second or successive habeas petition." *Rishor*, 822 F.3d at 491 (internal quotations omitted) (citing *Gonzalez*, 545 U.S. at 532); *see also Gonzalez*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648, 162 L. Ed. 2d 480 (2005) ("Fraud on the federal habeas court is one example of such a defect" in the integrity of the federal habeas proceedings, but "an attack based on the movant's own conduct, or his habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.").

'escape hatch' of § 2255." *Alaimalo*, 645 F.3d at 1047. "A [§ 2241] petition meets the escape hatch criteria where a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* (internal quotations and citations omitted).

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 . . . (1998)." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (internal quotations and citations omitted). Under that standard, "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley*, 523 U.S. at 623). The Ninth Circuit has concluded that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." *Marrero v. Ives*, 682 F.3d 1190, 1195 (9th Cir. 2012). All of Petitioner's present arguments regarding relevant changes in the law relate to the purely legal issue of whether his instant offense of conviction and predicate prior felony conviction no longer constitute crimes of violence for the purposes of the career offender enhancement under U.S.S.G. § 4B1.1. (*See, e.g.*, Civ. Case, ECF No. 24, at 2-3 (citing *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015); *Dominguez-Maroyoqui*, 748 F. 3d 918); Civ. Case, ECF No. 26 (citing *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018)).) Accordingly, these arguments fail to satisfy the "actual innocence" criterion of the § 2255 escape hatch. *See Marrero*, 682 F.3d at 1195.

As to Petitioner's remaining argument, even assuming *arguendo* that he has demonstrated actual innocence, he has failed to demonstrate that he has not had an unobstructed procedural shot at presenting those claims. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, . . . . we consider: (1) whether the legal basis for [the] petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2)

whether the law changed in any way relevant to [the] petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotations and citations omitted)). Here, Petitioner has set forth no credible facts demonstrating that he was unaware of, or could not have discovered through the exercise of due diligence, the facts supporting his remaining claims at the time he pursued his original § 2255 motion. Further, other than the previously-identified purely legal arguments concerning whether he was properly classified as a career offender under the Sentencing Guidelines, Petitioner has failed to demonstrate any relevant change in the law that occurred after he exhausted his first § 2255 motion. As such, Petitioner could have raised his remaining arguments on direct appeal or in his first § 2255 motion. Accordingly, these remaining arguments fail to satisfy the "unobstructed procedural shot" criterion of the § 2255 escape hatch. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003) ("§ 2255's remedy is not inadequate or ineffective merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. . . . [I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

Based upon the foregoing, Petitioner has failed to demonstrate that § 2255 provides an inadequate or ineffective remedy. Therefore, Petitioner may not pursue his present arguments in his instant § 2241 petition via the § 2255 escape hatch. Rather, he must raise them via a proper § 2255 motion and, because Petitioner has already pursued a prior § 2255 motion, he must first obtain the Ninth Circuit's authorization to file such second or successive § 2255 motion. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (A "habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241"). As Petitioner has not demonstrated he has obtained the Ninth Circuit's authorization to file a second or successive § 2255 motion, the Government's motion to dismiss (Civ. Case, ECF No. 15) is **GRANTED**

6

3:19-cv-0748-BTM
3:09-cr-0365-BTM

and Petitioner's instant § 2255 motion and amendments thereto (Civ. Case, ECF Nos. 1, 20, 22, 24, 26; Crim. Case, ECF No. 255), though disguised as a § 2241 petition and/or Rule 36 motion, must be **DISMISSED** for lack of jurisdiction. Because the Court lacks jurisdiction over Petitioner's disguised § 2255 motion, it also lacks jurisdiction over his request for the appointment of counsel (Crim. Case, ECF No. 248) and such request is therefore **DENIED** for lack of jurisdiction. *See, e.g., United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("When a statute removes jurisdiction over a particular type of case from the district courts, it must by necessity also remove from the district courts' consideration motions for the appointment of counsel to file the particular claims over which the district courts lack jurisdiction."). Finally, Petitioner's August 5, 2019 request for an extension of time to file an additional reply to the Government's motion to dismiss or to otherwise supplement his disguised § 2255 motion (Civ. Case, ECF No. 22, at 4-6) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 7, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge