UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS CHELBERG,<br>                      Petitioner,<br>v.<br>FBOP DIRECTOR,<br>                      Respondent. | Civ. Case No. 3:19-cv-0748-BTM<br>Crim. Case No. 3:09-cr-0365-BTM<br><br>**ORDER DENYING AS MOOT PETITION FOR WRIT OF MANDAMUS AND DENYING WITHOUT PREJUDICE MOTION FOR MEDICAL EMERGENCY**<br><br>**[Civ. Case, ECF Nos. 35, 38]** |

Before the Court is Petitioner Travis Chelberg's *pro se* letter dated September 27, 2019 (the "Letter") (Civ. Case, ECF No. 38, at 1-3), Motion for Medical Emergency (*id.* at 4-10), and Petition for Writ of Mandamus (Civ. Case, ECF No. 35). In the Letter, Petitioner states that he believes he has not received copies of all the Court's filings in regards to his recent petition under 28 U.S.C. § 2241, provides a list of all documents he has attempted to file in relation to his petition, and requests the Court provide him with the status of his petition. (Civ. Case, ECF No. 38, at 1-3.) In his Motion for Medical Emergency, Petitioner requests that the Court issue an order compelling his present location of incarceration to allow Petitioner's family to provide him with eyeglasses to help

with his deteriorating vision. (*Id.* at 4-10.) In his Petition for Writ of Mandamus, Petitioner requests that the Court rule on the merits of his aforementioned § 2241 petition. (Civ. Case, ECF No. 35.)

As an initial matter, the Court dismissed Petitioner's § 2241 petition and related filings for lack of jurisdiction on October 7, 2019. (Civ. Case, ECF No. 29; Crim. Case, ECF No. 259.) Accordingly, Petitioner's Petition for Writ of Mandamus (Civ. Case, ECF No. 35) is **DENIED AS MOOT**.

Second, it appears that Petitioner may not have received service copies of all of the Court's recent orders due to the transfer of his location of incarceration from Fremont Correctional Facility in Cañon City, Colorado to FCI Coleman Low in Sumterville, Florida in late May 2019.[1] (*See, e.g.*, Civ. Case, ECF Nos. 9 (service mail to Petitioner returned undeliverable) , 32 (same), 33 (same); Crim. Case, ECF No. 261 (same).) The Court therefore directs the Clerk to update Petitioner's address of record on the criminal and civil dockets associated with this action to reflect his present location of incarceration at FCI Coleman Low. The Clerk is further directed to serve copies of such dockets and all Orders issued by the Court after May 1, 2019 in such cases (Civ. Case, ECF Nos. 5, 6, 8, 29, 30, 31; Crim. Case, ECF Nos. 243, 251, 258, 259, 260) upon Petitioner at FCI Coleman Low.

Finally, because Petitioner's Motion for Medical Emergency concerns the execution of his sentence, as opposed to its underlying validity, he must proceed in the judicial district in which he is currently incarcerated. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the

---

[1] Petitioner does not assert that he did not receive the Government's response in opposition to his § 2241 petition, and a review of the certificates of service attached to the Government's filings show service upon Petitioner at FCI Coleman Low. (*See* Civ. Case, ECF No. 15, 16.)

2

legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." (citations omitted)). Because Petitioner is presently incarcerated in Sumterville, Florida, this Court is without jurisdiction to grant him the relief requested. Accordingly, Petitioner's Motion for Medical Emergency (Civ. Case, ECF No. 38, at 4-10) is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: November 4, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge